IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| LIONEL FRANKLIN, | **COMPLAINT** |
| Plaintiff, | |
| v. | |
| PENNCRO ASSOCIATES, INC., | Civil Action No. |
| Defendant. | **JURY TRIAL DEMANDED** |

---

## COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiff Lionel Franklin for statutory damages against Defendants Penncro Associates, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

### III. PARTIES

3. Plaintiff Lionel Franklin is an individual who resides in Calumet City, Illinois.

4. Mr. Franklin is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Penncro Associates, Inc. ("Penncro") is a corporation organized under the laws of the State of Pennsylvania located in Southampton, Pennsylvania.

6. Penncro is licensed by the State of Illinois as a Collection Agency, License Number 017001259.

7. Penncro is engaged in the collection of debts from Illinois consumers using the mail and telephone.

8. Penncro regularly attempts to collect consumer debts alleged to be due to another.

9. Penncro was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

10. In 2008, Mr. Franklin had a personal checking account with Bank of America.

11. Due to withdrawals from his account made for electronic debits, automated teller machines, or other withdrawals, Mr. Franklin's account balance was reduced to a negative amount.

12. Because his account balance was reduced to a negative amount, Bank of America charged Mr. Franklin overdraft fees that further reduced his account balance.

13. The negative balance resulted in an amount allegedly owed by Mr. Franklin to Bank of America (hereinafter referred to as "the Debt.").

14. The Debt was incurred for personal, family, or household purposes, *i.e.*, for Mr. Franklin's personal purchases and charges.

15. Mr. Franklin was unable to pay the Debt.

16. Penncro obtained the Debt after it was in default.

17. Penncro obtained the Debt on or about November 3, 2008.

18. Shortly after November 3, 2008, Penncro arranged for the preparation and

transmittal of a letter to Mr. Franklin's residence in an attempt to collect the Debt.

19. Penncro's letter sent near the beginning of November 2008 was the initial written communication from Penncro to Mr. Franklin.

20. Shortly after receiving Penncro's letter, on or about Novmeber 20, 2008, Mr. Franklin called Penncro and spoke with an employee or agent of Penncro named Netsia Philogene.

21. Mr. Franklin asked Ms. Philogene some background questions regarding the Debt.

22. Ms. Philogene stated that Penncro had sent "multiple letters" to Mr. Franklin.

23. At the time of Mr. Franklin's telephone conversation with Ms. Philogene, Penncro had not sent more than one letter to Mr. Franklin.

24. Mr. Franklin asked to what address Penncro had sent the letters. Ms. Philogene stated that Bank of America had that information and that such information had been deleted from Penncro's computer screens.

25. At the time of Mr. Franklin's telephone conversation with Ms. Philogene, upon information and belief, Penncro had Mr. Franklin's address information and it was accessible to Ms. Philogene.

26. Mr. Franklin asked if he could dispute the Debt. Ms. Philogene instructed Mr. Franklin to send a letter to an address in South Hampton, Pennsylvania.

27. Mr. Franklin asked how long it would take to review his dispute. Ms. Philogene stated that it usually took about thirty days, but that it would be best for Mr. Franklin to attempt to work out a settlement agreement instead.

28. Mr. Franklin asked if he could dispute the Debt over the telephone. Ms. Philogene

stated that Mr. Franklin must send a letter if he wants to dispute the Debt.

29. The telephone call ended shortly thereafter.

30. On November 20, 2008, Mr. Franklin received a telephone message from telephone number 866.779.9279, stating, "This is a message for Lionel Franklin. This is Beatrice Cepeda from Penncro Associates. Please return the call at 1.866.779.9279. Extension BC1. Thank you."

31. Telephone calls placed to 866.779.9279 are answered by Penncro.

32. The November 20, 2008, telephone message from Penncro did not disclose that the communication was from a debt collector.

V. **COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT**

33. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

34. Defendant's violations of the FDCPA include, but are not limited to

   A. using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10);

   B. failing to disclose in communications subsequent to the initial communication with the consumer that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11); and

   C. contradicting and/or overshadowing the consumer's right to dispute the alleged debt orally in violation of 15 U.S.C. § 1692g(a)(3).

35. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Lionel Franklin requests that judgment be entered in his favor against Defendant Penncro Associates, Inc. for:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

and

C. For such other relief as the Court may find to be just and proper.

 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)

ATTORNEYS FOR PLAINTIFF LIONEL FRANKLIN